Cite as 2017 Ark. App. 191



# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-16-533

|  |  |
|---|---|
| | **Opinion Delivered** March 29, 2017 |
| KEENAN LEWIS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| APPELLANT | [NO. 60CR-14-2002] |
| V. | |
| STATE OF ARKANSAS | HONORABLE BARRY SIMS, JUDGE |
| APPELLEE | REBRIEFING ORDERED |

## DAVID M. GLOVER, Judge

Keenan Lewis was tried by a jury and found guilty of the offense of first-degree murder. He was sentenced to thirty-one years in the Arkansas Department of Correction, with an additional fifteen years for firearm enhancement. In this appeal, he raises three major points, with several subpoints: 1) the trial court abused its discretion in permitting the State to question Bree Hood about prior specific instances of conduct on redirect examination; 2) the trial court erred by refusing to permit Keenan to testify regarding his knowledge of Jason Harris's gang affiliation; and 3) there was insufficient evidence to support Keenan's conviction for murder in the first degree because he proved the justification of self-defense. We are not able to address the merits of Keenan's arguments because of deficiencies in his brief.

Rule 4-2(a)(5) and (7) of the Rules of the Arkansas Supreme Court and Court of Appeals provides that all material parts of the transcript, i.e., information that is essential for

our court to understand the case and to decide the issues on appeal, shall be abstracted and that references in the argument portion of the parties' briefs to material found in the abstract and addendum shall be followed by a reference to the page number of the abstract or addendum at which such material may be found. It goes without saying that the abstract references to the record must be accurate. Here, the trial objection giving rise to the second point of appeal was not abstracted, and several of the referenced abstract pages do not track with the corresponding record pages. Because Keenan has failed to provide us with a proper abstract, we order rebriefing.

Keenan has fifteen days from the date of this opinion to file a substituted abstract, brief, and addendum. We encourage appellate counsel to review our rules to ensure that no additional deficiencies are present.

Rebriefing ordered.

HIXSON and BROWN, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James* and *Michael Kiel Kaiser*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.